**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ANTONIO CARROTHERS**                                                                              **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 5:13cv205-KS-MTP**

**MARY GROOM, et al.**                                                                            **DEFENDANTS**

**ORDER**

BEFORE THE COURT are several motions filed by Plaintiff Antonio Carrothers. Following an omnibus hearing in this case, and after careful consideration of the motions and applicable law, the Court finds and orders as follows.

First, Plaintiff requests that nineteen additional defendants and several more claims be added to this lawsuit. The proposed defendants appear to be Wilkinson County Correctional Facility ("WCCF") employees, and the proposed claims allege a failure to protect, denial of adequate dental and psychological treatment, denial of due process, discrimination and unequal treatment. *See* Motion [35].

The Court declines to add defendants whose actions are not clearly connected to the underlying factual basis of Plaintiff's lawsuit. *See* Omnibus Order [58]. Federal Rule of Civil Procedure 20 provides that "[p]ersons . . . may be joined in one action as defendants if . . . any question of law or fact common to all defendants will arise in the action." FED. R. CIV. PRO. 20; *see also Chandler v. Lee*, 2012 WL 3597551 (S.D. Miss. Aug. 20, 2012) (denying prisoner plaintiff's motion to amend where proposed claims against new defendant did not stem from the same transaction or occurrences as those in the initial complaint). Even if Plaintiff had alleged common questions of law or fact as to the proposed defendants, the Court has discretion under Rule 20 "to control the scope of a lawsuit by limiting the number of defendants a plaintiff may hail into court

in a particular case." *Tuft v. Texas*, 397 Fed. App'x 59, 61 (5th Cir. 2010). Accordingly, Plaintiff's motion to amend will be denied. Plaintiff may file a separate action to address these claims if he so chooses.

Second, Plaintiff moves for default judgment against Defendant Strickland. *See* Motion [49]. However, the record clearly reflects that Defendant Strickland timely answered, and Plaintiff withdrew the motion at the hearing. *See* Answer [47]. Accordingly, this motion will be denied as moot.

Finally, Plaintiff requests the production of various documents. *See* Motion [44]. Specifically, the Plaintiff requests his sick call requests, medical records, segregation cards, video of his unit from June 2012 to July 2013, Defendants' job titles and duties, and names of all the inmates in his unit from June 2012 to July 2013. The Court outlined the discovery that will be allowed in this matter in the Omnibus Order [58]. Insofar that Plaintiff's requests coincide with Order [58], the Motion will be granted. In all other respects, the motion is denied.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion to Amend [35] is DENIED.

2. Plaintiff's Motion for Default Judgment [49] is DENIED as moot.

3. Plaintiff's Motion [44] for Documents is GRANTED only to the extent set forth in the Omnibus Order [58] in this case. The remainder of the Motion is DENIED.

SO ORDERED this the 7th day of October, 2014.

s/ Michael T. Parker
United States Magistrate Judge